HOPE MINING COMPANY, appellant, *v.* FRANK D. BROWN, respondent.

MINES AND MINERALS — *Tunnel Rights.* — The appellant had duly located a tunnel right, and was prosecuting work on a tunnel thereunder, when the respondent located a quartz claim within three hundred feet, but not upon the line of the tunnel, having discovered a vein of ore at a point beneath the surface of his claim. The appellant claimed the right to the vein located, and sought to enjoin respondent from working the same. *Held,* that, under section 2323 of the United States Revised Statutes, a tunnel claimant has a right only to such veins or lodes as may be discovered in his tunnel within three thousand feet from the face thereof; that as to such veins or lodes, the right extends along them for fifteen hundred feet, and on each side three hundred feet, according to section 2320 of the United States Revised Statutes; that the line of the tunnel is a line the width of the sides of the tunnel; and that third persons, after the location of a tunnel, have the right to locate veins or lodes even within a distance of three hundred feet of the line of the tunnel, provided

they do not locate on the line itself. Such locations, however, are at the risk of the locators; for in the event of a discovery of their veins in the tunnel, all these locations become invalid, if they are within three hundred feet on either side of the line of the tunnel, and within fifteen hundred feet along the line of any locations that may be made of their viens by the tunnel clai nant.

ID. — *Pleading.* — The complaint of the appellant seeking to enjoin the respondent from working the quartz claim located by him alleged that "the trend of said vein appears to be across said tunnel right": *held,* that said allegation was equivocal and insufficient, and that the demurrer to the complaint was properly sustained.

*Appeal from District Court, Silver Bow County.*

THOMAS L. NAPTON, for the appellant.

Section 2323 of the United States Revised Statutes is to be interpreted: it must be construed in connection with section 2320. To hold the claimant's tunnel rights in abeyance till discovery is to grant him no rights at all. The owners of the tunnel have the right to the possession of all veins or lodes, within three thousand feet of the face of the tunnel, not previously known to exist, before as well as after discovery; for this tunnel right can exist even though the parties should never make a discovery; but when it is made, they have a right to a patent. Before that time they have an inchoate right which the section of the statute intends to and does protect, and a party owning the tunnel right may maintain an action for the right to the possession of the *locus in quo.* The idea advanced by the supreme court of Colorado, that locations made by other parties are confined only as to the actual width of the tunnel, is without any reason to support it whatever. Tunnels may vary in width, and different tunnel claims would have different rights, and really the government, instead of offering something tangible by the section, would grant nothing. Any party discovering a vein or lode in a tunnel could make the location of a lode mining claim, under section 2320, and by the construction contended for by the supreme court of Colorado, section 2323 is a use-

less provision.   The supreme court of Idaho decides that a tunnel right is sufficient to base an adverse claim upon. If so, it must necessarily be decided in the case who has the right to possession of the property.   This action is to determine that right, and to cancel an invalid location, or declaratory statement under our statute.   I submit that the line of the tunnel means at least 750 feet on each side of the course of the tunnel, and is intended to protect the title of the tunnel claimant as to all lodes not appearing on the surface, where the tunnel, as in this case, is run for prospecting purposes.   The cancellation of the declaratory statement to prevent a cloud upon the title of plaintiff is certainly sufficient and exists in a court of chancery, independent of the statute, as well as if based on the statute.   See *Scott* v. *Onderdonk*, 67 Am. Dec. 112, note.

WILLIAM SCALLON, for the respondent.

The appellant claims that the "line of the tunnel" means a strip of ground fifteen hundred feet in width by three thousand long.   This very question is decided in a Colorado case, which we submit to be decisive of this case.   *Corning Tunnel Co.* v. *Pell*, 4 Col. 507.   It is there decided that the "line" of the tunnel means the width of the tunnel itself.   The land-office has also uniformly so held.   Copp's Mineral Land, 119, 239; 5 Copp's Land Owner, 130.   Morrison, in his Mining Rights, 6th ed., p. 136, referring to the decision in *Corning Tunnel* v. *Pell*, *supra*, says "that such would be the final construction of the act, and had already been generally acquiesced in by the profession."   The appellant wants 750 feet reserved on each side for him.   Why not fifteen hundred feet on each side?   For when he discovers a vein, he has a right to locate all on one side or the other.   The whole policy of the act of Congress is to prevent monopoly and encourage prospecting.   The ap-

pellant's construction would thwart such policy. Unless the vein crosses the tunnel, and then until it is discovered in the tunnel, the tunnel-man has no right to the vein outside of his line of tunnel by virtue of his tunnel location. Same authorities.

STATEMENT.

Action by the Hope Mining Company against Frank D. Brown, to restrain defendant from working a mining tunnel which was alleged to be in conflict with plaintiff's tunnel, and to recover damages for ore taken therefrom. Judgment, on demurrer to complaint, was for defendant, and plaintiff appeals. Section 2323, Revised Statutes of United States, is as follows: "Where a tunnel is run for the development of a vein or lode, or for the discovery of mines, the owners of such tunnel shall have the right of possession of all vein or lodes within three thousand feet from the face of such tunnel on the line thereof, not previously known to exist, discovered in such tunnel, to the same extent as if discovered from the surface, and locations on the line of such tunnel of veins or lodes, not appearing on the surface, made by other parties after the commencement of the tunnel, and while the same is being prosecuted with reasonable diligence, shall be invalid; but failure to prosecute the work on the tunnel for six months shall be considered as an abandonment of the right of all undiscovered veins on the line of such tunnel."

LIDDELL, J. The plaintiff in this case appeals from a judgment of the district court sustaining a demurrer of no cause of action; and in order that we may have a clear understanding of the points presented, it will be necessary to examine carefully the allegations of the complaint. It seems that the plaintiff is the owner and in the possession of a certain tunnel right and claim,

known as the "Jubilee Tunnel," in the Flint Creek mining district, in Deer Lodge County of this territory. It alleges that in June last it caused the proper notice of the location of said tunnel to be duly filed in the county recorder's office for the above county, and that the location and description of the tunnel right was made after proper survey, and that it caused the boundaries of the claim to be marked by certain posts, together with the plan of commencement of the tunnel, the course thereof, the names of the parties in interest, in all respects complying minutely with the law in such descriptions and notice. It further alleges that it is entitled to all undiscovered veins, lodes, or deposits on the line of the tunnel for a distance of three thousand feet between the two boundary posts; that about December last the defendant, without right, entered upon the claim of plaintiff, within three hundred feet of the line of the tunnel, and located a quartz claim; that the defendant has caused a tunnel to be opened, and beneath the surface of the ground has discovered a body of ore, vein, or lode, and is extracting the ore from the tunnel, and converting it to his own use; that the defendant has already converted over five hundred dollars' worth of ore, and is continuing his operations in violation of plaintiff's rights. The plaintiff further alleges that the lode or vein of ore which is being now worked by the defendant appears to trend across the tunnel of plaintiff, which has been extended over one hundred feet, and is now being diligently prosecuted. Finally, it prays for damages, and a perpetual injunction restraining the defendant from excavating the ore claimed.

The rights of the plaintiff depend entirely upon the construction to be given section 2323, Revised Statutes of United States. Manifestly, that section was enacted for the encouragement and protection of those persons who were engaged in exploring for precious metals by

means of tunnels.   They are allowed the right of posses-
sion of all veins or lodes along the line of the tunnel
for three thousand feet from its face, and not previously
known to exist; but such veins or lodes must have been
discovered in the tunnel.   The extent of the rights of
parties discovering viens or lodes by means of tunnels is
the same in extent as when discovered from the surface.
By referring to section 2320, Revised Statutes of United
States, we can there see the extent of the rights of one
who locates on a surface discovery.   In express terms it
declares that no location shall be made until there has
been a discovery of the lode or vein within the limits of
the location; and that no right arising from such a claim
shall extend beyond three hundred feet on each side of
the middle of the vein at the surface.   Measured accord-
ing to this rule, the tunnel claimant will have no right
to any claim except for such veins or lodes as may be
discovered within the three thousand feet from the face
of the tunnel, and in the tunnel itself.   But when veins
or lodes are discovered in the tunnel, the claimant will
be entitled, as a matter of right, to the vein or lode for
fifteen hundred feet in length along the vein or lode, and
to the extent of three hundred feet on each side thereof
from the middle of the vein or lode.   After the discov-
ery of the vein or lode in the tunnel, his rights are
exactly in extent what they would have been if his dis-
covery had been made from the surface.   But he has an
additional right, not accorded to the surface discoverer.
As before stated, the object of the law is to protect those
explorers in the possession of the lode or vein discovered
by means of their tunnel, and therefore the law-maker
has seen fit to announce that if, after the commence-
ment of a tunnel, and pending the progress of its con-
struction, a third person should locate a vein or lode on
the line of the tunnel, which was not discovered from
the surface, the location would be invalid.   On the other

hand, if the veins or lodes so located by third persons exist on either side of the tunnel, but which neither cross it nor are discovered in the tunnel, they will not belong to the tunnel claimant, but to the person discovering and locating them. The contention of the plaintiff in this case is, that third persons have no right to locate any veins or lodes within a distance of three hundred feet on either side of the line of the tunnel right. We have carefully considered the sections referred to, and weighed the importance of a decision on this point to the mining interest, but we are unable to agree with the plaintiff's view of the law, which, on casual inspection, would perhaps justify such a construction. The section (2323) does not state what shall be the limits of a tunnel right, and there is no reason or authority for saying that it extends to three hundred feet on each side of the tunnel, any more than to fifteen hundred or three thousand feet. In explicit terms, such a right exists only on the line of the vein or lode discovered, whether from the surface or "in the tunnel." This necessitates our saying what is meant by the "line of the tunnel"; and as was well said in *Tunnel Co.* v. *Pell,* 4 Col. 507, a literal construction of the expression would lead to an absurdity, for a line, geometrically speaking, has length without breadth; while it is equally plain that to say that the statute intended to give the tunnel claimant three hundred feet on either side of his location as a line of tunnel would be interpolating into the law a provision which it does not contain, and might justly be considered a piece of judicial legislation. In fact, there is no other reasonable or fair construction to be placed on the words "line of the tunnel," as used in the statute, than that given by the court in the Colorado case. "It designates a width marked by the exterior lines or sides of the tunnel." Now, if the line of the tunnel is the width of the tunnel excavation, and no more or less, it

follows that the location of defendant's claim is not within the limits of the plaintiff's tunnel rights.

The reasonings of the case commend themselves to our view, not only as a proper construction of the rights of the tunnel claimant, but as being in accord with the mining policy of the general government. Counsel for appellant, with great earnestness and ability, press upon our consideration the case of *Black* v. *Sierra Nevada Con. Min. Co.*, from Idaho, and reported on page 83 of volume 17 Pacific Reporter. We have carefully examined the case, and do not find that it conflicts with our views, but is rather in support thereof. It appears from the statement that though the plaintiff had located his tunnel, and marked off its length and line, setting up posts every hundred feet along the line, each post being plainly marked with the name of the tunnel,—at post No. 9 the defendants entered upon his line, sunk a shaft, and at a depth of twelve feet they discovered a lode or vein. The plaintiff alleged, besides the requisite averments, that upon the prolongation of the tunnel along the line marked out, it would pass through the lode or vein discovered by the defendants in their twelve-foot shaft at post No. 9. He prayed for an injunction, which was properly granted; because as long as the tunnel claimant prosecutes diligently his work, no one has the right to make locations on the line of his tunnel. The question at issue in the cause at bar did not come up in the Idaho case; and what we here decide is, that third persons have a right to locate any veins or lodes within a distance of three hundred feet on either side of the line of the tunnel, but not on the line of the tunnel, which we hold means a line the width of the sides of the tunnel. Of course, any locations so made are at the risk of the locators, for upon the discovery of the vein or lode in the tunnel, all locations made subsequent to the commencement of the tunnel become invalid, if they are within

three hundred feet on either side of the vein or lode, and within fifteen hundred feet as located along the vein or lode discovered. As a matter of course, veins or lodes discovered from the surface, or previously known to exist, are not affected by the rights of the tunnel claimant, which we may here remark to be most ample and sweeping. Owing to the importance of the matter to litigants through mining interests, we have thought fit to decide this question presented by the demurrer; but on other grounds the complaint did not state facts sufficient to constitute a cause of action. It will be observed from reading the complaint that the court is asked to infer from certain allegations that the vein or lode discovered by the defendant will be found in the plaintiff's tunnel. Now, in what direction a vein or lode will continue its course is mere conjecture, and altogether too speculative to be made the basis of an injunction. Especially is this the case when the complaint alleges, as in this instance, that "the trend of said vein appears to be across the tunnel right." There is an utter absence of any positive allegation that the vein or lode in dispute will cross plaintiff's tunnel, or that the complainant believes that it will. Nothing is better recognized in pleading than that the facts to support a legal right must be set forth in positive and unequivocal terms; and this rule applies even when averment is made on information and belief. See 1 Estee's Pleading, p. 132, secs. 109, 110. We conclude that the complaint is wholly insufficient, as well in the accuracy of its allegations as in the legal conclusions to be drawn from the facts stated.

The judgment of the lower court is affirmed, at cost of appellant.

*Judgment affirmed.*

McCONNELL, C. J., and BACH, J., concur.